UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1413

FREDERICK FRAME,

Plaintiff - Appellant,

versus

RYANSTONE COAL, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CA-03-7-2-REM)

Submitted:  November 21, 2005      Decided:  December 28, 2005

Before WILKINS, Chief Judge, and LUTTIG and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank P. Bush, Jr.,  FRANK P. BUSH & ASSOC., Elkins, West Virginia, for Appellant.  Bryan R. Cokeley, Russell D. Jessee, STEPTOE & JOHNSON, P.L.L.C., Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frederick Frame appeals an order granting summary judgment against him in an action that he brought on behalf of himself and all others similarly situated, against Ryanstone Coal, LLC (Ryanstone). Because Frame does not sufficiently challenge the bases for the decision against him, we affirm.

I.

Frame was employed by Island Fork Construction, LLC (Island Fork), which provided Ryanstone with labor to operate the Ryanstone Coal Mine in Barbour County, West Virginia. Frame worked at the mine for approximately 10 months before losing his job as the result of a mass layoff on May 7, 2002.

Following his layoff, Frame initiated the present action. His complaint alleged that Ryanstone violated the Worker Adjustment and Retraining Notification (WARN) Act, see 29 U.S.C.A. §§ 2101—2109 (West 1999 & Supp. 2005), by not providing him with 60 days notice of a mass layoff. Frame also claimed that Ryanstone violated the West Virginia Wage Payment and Collection Act, see W. Va. Code Ann. §§ 21-5-1 to 21-5-18 (LexisNexis 2002 & Supp. 2005), by failing to pay him certain employee benefits on the first regular payday following his layoff. Frame sought money damages, as well as attorney's fees and costs.

Ryanstone moved to dismiss the complaint, attaching to its motion an affidavit and an unexecuted copy of its labor agreement with Island Fork. Because the attachments could not be considered in regard to a motion to dismiss, the district court treated Ryanstone's motion as one for summary judgment. Frame objected, maintaining that the conversion was premature because he had not been given the opportunity to conduct discovery. Since Frame neither filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f)* nor explained what issue he hoped such discovery would affect, the district court overruled Frame's objection and proceeded to rule on the merits of the motion. Concluding that Frame had failed to create a genuine issue of material fact on either of his claims, the district court granted summary judgment against him.

II.

Frame first contends that the district court abused its discretion in ruling on the merits of Ryanstone's summary judgment motion without allowing Frame to conduct discovery. In this regard, however, Frame argues only that he "repeatedly stated in his response brief and on the record at the hearing on Summary

---

*Rule 56(f) allows a district court to deny a motion for summary judgment if affidavits explain why the party opposing the motion cannot present by affidavit facts essential to its opposition to the motion.

3

Judgment that further discovery was required to address the issue raised outside the pleadings." Br. of Appellant at 16-17. Frame does not identify any flaw in the analysis offered by the district court as to why Frame's general statement, not presented in affidavit form, that he needed discovery was not sufficient to warrant postponing its ruling on the merits of the summary judgment motion. For this reason, Frame has waived review of this issue. See Fed. R. App. P. 28(a)(9)(A) (providing that the appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); 11126 Baltimore Blvd., Inc. v. Prince George's County, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc) (declining to consider arguments for failure to comply with Rule 28).

Frame also fails to sufficiently challenge the rulings of the district court on the merits of his claims. With regard to his WARN Act claim, the district court ruled that Frame had failed to create a genuine issue of material fact on three issues, any of which was sufficient by itself to defeat the claim: (1) Ryanstone was not Frame's "employer," as that term is used in the WARN Act, 29 U.S.C.A. § 2101(a)(1); (2) Frame was not an "affected employee[]," as that term is used in the Act, id. § 2101(a)(5); and (3) the business circumstances exception to the WARN Act absolved Ryanstone of liability, see id. § 2102(b)(2)(A). In his initial

4

brief, Frame completely fails to address either of the latter two issues and therefore has waived the right to review of them. See 11126 Baltimore Blvd., 58 F.3d at 993 n.7.

Further, the district court ruled against Frame on his state law claim for three reasons, each of which was sufficient by itself to support the judgment: (1) Frame was not Ryanstone's "employee" within the meaning of the West Virginia Act, W. Va. Code Ann. § 21-5-1(b); (2) Ryanstone was not engaged in a joint venture with Frame's employer, Island Fork, such that Ryanstone could be liable for Island Fork's violations; and (3) Frame was not entitled to the fringe benefits that he sought to recover. Because Frame fails to challenge any of these reasons in his initial brief, he has waived the right to review of these issues as well. See 11126 Baltimore Blvd., 58 F.3d at 993 n.7.


                                    III.

In sum, for the foregoing reasons, we affirm the order granting summary judgment to Ryanstone. Because Frame has waived each issue that is the subject of this appeal, we conclude that oral argument would not assist the decisional process.


                                                          AFFIRMED